

ORDERED in the Southern District of Florida on June 5, 2013.

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov

In re:                                              Case No. 12-27482 PGH
                                                    Chapter 7
SCHNELLENBERGER, TIMOTHY H


            Debtor.            /

### ORDER AWARDING FINAL TRUSTEE AND PROFESSIONAL FEES AND EXPENSES

THIS MATTER came before the court upon the final application for compensation and expenses [ECF #50] filed by trustee, Margaret J. Smith, the final application for compensation and expenses [ECF #49] filed by Rappaport, Osborne & Rappaport, Trustee's Attorney, and the final application for compensation and expenses [ECF #45] filed by GlassRatner Advisory & Capital Group LLC, Trustee's Firm Accounting, and the final application for compensation and expenses.  After notice to all creditors (if applicable), the court has considered the applications and finds that the following allowances are reasonable under the applicable provisions of the Bankruptcy Code. Therefore, it is **ORDERED** as follows:

1. The trustee, Margaret J. Smith, is allowed total final fees of $1,950.00 and total final expenses of $37.85, which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

2. Rappaport, Osborne & Rappaport, Trustee's Attorney, is allowed total final fees of $4,200.00 and total final expenses of $283.48, which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

3. GlassRatner Advisory & Capital Group LLC, Trustee's Firm Accounting, is allowed total final fees of $587.50 and total final expenses of $0.00, which includes the fees and expenses sought in the pending application and all previously awarded interim fees and expenses, if any.

4. The trustee is authorized to make the balance of payments set forth in this order or to pay the awards pro rata if there are insufficient funds.

In allowing the foregoing fees, this court has considered the criteria specified in 11 U.S.C. §§ 326, 328 and 330, and the requirements of Bankruptcy Rule 2016, in light of the principles stated in *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546 (1986); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); and *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).

# # #

Copies furnished to:
Chapter 7 trustee

The trustee shall serve a copy of this order on all required parties and file with the court a certificate of service conforming with Local Rule 2002-1(F).